IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-91-KAC-DCP |
| DOCK E. HOILMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dock Hoilman's Motion to Continue Trial and All Associated Deadlines [Doc. 26], filed on November 1, 2022. Defendant asks the Court to continue the November 29, 2022 trial date and all associated deadlines because counsel have not yet received all of the discovery in this case and the discovery that has been received must be viewed at a government facility. Defense counsel states in the motion that he has spoken with Assistant United States Attorney Jennifer Kolman, who does not oppose the continuance, as well as with Defendant Hoilman, who understands that the time between the filing of the motion and new trial date will be excludable for speedy trial purposes if the motion is granted.

The Court finds Defendant's motion to continue the trial and related deadlines is unopposed by the Government and well taken. The Court also finds the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel relate in the motion that they were retained to represent Defendant on September 6, 2022, and received initial discovery from the Government on October 29, 2022. Counsel further relate that there is a significant amount of outstanding discovery—including data

extractions from multiple computing devices seized from Defendant's home—that the Government is still collecting and has not yet been able to turn over to defense counsel. In addition, defense counsel state that much of the discovery that has been provided must be viewed at a government facility, which necessarily takes additional time and requires additional logistical hurdles as compared to reviewing other types of discovery. Counsel aver that because of the amount of investigation and review of materials that must still be completed and the need for counsel to advise Defendant once this discovery is reviewed, the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial and, further, that failure to grant the continuance would likely cause a miscarriage of justice. The Court concludes that absent a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Hoilman's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**], is therefore **GRANTED**. The parties have conferred with Chambers and agreed on a new trial date. The trial of this case is reset to **July 11, 2023**. All of the time between the filing of the motion on November 1, 2022, and the new trial date of July 11, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B). The Court also sets a new trial schedule, as stated below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Dock Hoilman's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 11, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **November 1, 2022**, and the new trial date of **July 11, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is extended to **February 3, 2022**. Responses to motions are due on or before **February 17, 2023**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 9, 2023**;

(6) The deadline for filing motions *in limine* is **June 19, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **June 20, 2023, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 30, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge