UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )          No.:    3:22-CR-91-KAC-DCP
                                   )
DOCK HOILMAN,                      )
                                   )
                    Defendant.     )

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant's "Motion for Revocation of Detention Order" [Doc. 18], in

which he seeks release from custody on conditions under 18 U.S.C. § 1345. Upon de novo review,

the Court denies Defendant's "Motion for Revocation of Detention Order" [Doc. 18] because no

condition or combination of conditions would reasonably assure the safety of any other person and

the community.

I.          **Procedural Background**

On September 9, 2022, Magistrate Judge Jill E. McCook ordered Defendant detained

[Doc. 13]. Magistrate Judge McCook determined, among other things, that the United States

proved by clear and convincing evidence that no condition or combination of conditions of release

would reasonably assure the safety of any other person and the community [*Id.* at 2]. On October

11, 2022, Defendant filed a motion requesting that the Court "enter an Order revoking the Order

of Detention [Doc. 13] in [this case] and release the Defendant on conditions" [Doc. 18 at 1]. On

October 27, 2022, the United States responded in opposition to Defendant's motion [Doc. 25].

Defendant replied on November 1, 2022 [Doc. 27].

## II.  Analysis

If a person is ordered detained by a magistrate judge, that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the detention order under 18 U.S.C. § 3145(b).  The district court must generally review the magistrate judge's detention order de novo and may do so without holding a further hearing.  *See United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court's de novo review concluded without a hearing); *see also United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

The district court must assess defendant's detention status under the provisions of 18 U.S.C. § 3142.  *See Romans*, 2000 WL 658042, at *1.  Under Section 3142(e)(1), a defendant shall be detained pending trial if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  The factors to be considered in determining whether to detain a defendant pursuant to Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

2

18 U.S.C. § 3142(g); *see also United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1 (6th Cir. Nov. 6, 2000) (affirming district court's application of the Section 3142(g) factors when conducting a de novo review of magistrate judge's order).

Moreover, under Section 3142(e)(2), it shall be presumed (subject to rebuttal) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the district court finds that there is probable cause to believe that the person committed certain enumerated offenses listed in Section 3142(e)(3)(A)-(E). *See Webb*, 2000 WL 1721060, at *1. Here, it is undisputed that the presumption applies [Doc. 18 at 15]. To rebut the presumption, Defendant must come forward with some evidence that he does not pose a danger to the community or a risk of flight. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (citations omitted)). Defendant presented the testimony of his wife, who agreed to (1) be his third-party custodian, (2) discontinue the internet to the home she shared with Defendant, and (3) ensure that Defendant cannot use an internet-accessible device in the home [Doc. 13-1 at 1]. Therefore, Defendant has satisfied his burden of production. *See Stone*, 608 F.3d at 945. However, "[e]ven when a defendant satisfies his burden of production . . . 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2010)).

### A. Federal Rule of Criminal Procedure 58 Does Not Bar Defendant's Motion.

In the United States's Response to Defendant's motion, it asserts that Defendant's motion is untimely under Federal Rule of Criminal Procedure 58 because he filed it more than fourteen

3

(14) days after Magistrate Judge McCook ordered that Defendant be detained [Doc. 25 at 6]. However, Rule 58 does not control here.

Rule 58 "appl[ies] in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise." Fed. R. Crim. P. 58(a)(1). Rule 58(g)(2)(A), a later portion of Rule 58, states that "either party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed." A grand jury charged Defendant with five (5) felonies involving the distribution of or possession of with access and intent to view child pornography [Doc. 15]. By definition, then, this case is neither a "petty offense" case nor an "other misdemeanor" case. *See* Fed. R. Crim. P. 58(a)(1). Therefore, this case falls outside of the plain meaning of Rule 58. *See United States v. Gioia*, 853 F. Supp. 21, 25 (D. Mass. 1994) ("Rule 58(g)(2)(A) . . . is totally inapplicable to felony cases."); *but see United States v. Davis*, No. 2:19-CR-00196-1-JRG-CRW, 2020 WL 1977219, at *2 (E.D. Tenn. Apr. 24, 2020) (referring to an "appeal" of a "detention order" in a felony case as "untimely" under Rule 58(g)(2)(A) but considering the "appeal" nonetheless). The remainder of Rule 58 involves the procedures to be employed when handling petty offense and other misdemeanor cases, confirming this conclusion. *See* Fed. R. Civ. P. 58(a)(2), (b), (c); *see also FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("It is a fundamental cannon of statutory construction that the words of the statute must be read in their context and with a view to their place in the overall statutory scheme." (quotations and citation omitted)). Reading Rule 58 as the United States proposes could also be incongruous with the text of 18 U.S.C. § 1345, which provides no time restraint on filing an appeal from a detention order. *See* 18 U.S.C. § 1345(c). Accordingly, Rule 58 does not bar Defendant's motion here.

4

### B. Section 3142(g) Factors

Each of the Section 3142(g) factors weighs in favor of detaining Defendant.

#### 1. Nature and Circumstances of the Offense Charged

In assessing the Section 3142(g) factors, the Court first considers the nature and circumstances of the charged offenses, including whether the crime, as alleged, "involves a minor victim." 18 U.S.C. § 3142(g)(1). The grand jury charged Defendant with four (4) counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one (1) count of possession of and access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) [Doc. 15 at 1-2].

Distribution and possession of child pornography are serious crimes. *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020); *see also United States v. Mobasseri*, No. 1:17CR138, 2020 WL 3026070, at *3 (N.D. Ohio June 5, 2020) ("Each download and view of a child-pornographic image or film exacerbates the harm to the child involved in its production."). The distribution of images of child pornography is intrinsically related to the sexual abuse of children in at least two ways. *See New York v. Ferber*, 458 U.S. 747, 759 (1982). First, the images produced are a permanent record of the children's sexual abuse, and the harm to the child is exacerbated by the circulation of the images. *Id.* Second, the distribution of and demand for child pornography encourages production of more images of child sexual abuse, which requires the further sexual abuse of minor victims. *See id.* It is unsurprising, then, that Congress has determined that violations of Section 2252A(a)(2) and Section 2252A(a)(5)(B) may carry potentially hefty penalties and that child pornography offenses raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the alleged violator or the safety of the community. *See* 18 U.S.C. § 2252A; 18 U.S.C. § 3142(e)(3)(E); *see*

*Stone*, 608 F.3d at 945 (indicating that the presumption favoring detention should factor into courts' Section 3142 analysis).

Here, the nature and circumstances of the offense charged weighs heavily in favor of detention. As alleged in the Indictment, Defendant distributed child pornography on four different occasions and possessed child pornography with intent to view months later [Doc. 15 at 1-2]. Upon intervention by law enforcement, Defendant admitted that he used the account associated with distributing child pornography in a Kik chat group and that the images of child pornography at issue must have been shared with his Kik account [Doc. 13-1]. This type of crime is associated with a serious and real harm to minor victims. Accordingly this factor weighs heavily in favor of detention.

### 2. Weight of the Evidence of Defendant's Dangerousness

The Court next considers the weight of the evidence of Defendant's dangerousness. *See* 18 U.S.C. § 3142(g)(2); *Stone*, 608 F.3d at 948. Here, the evidence of Defendants dangerousness is strong and reinforces the need for detention. As discussed above, the distribution and possession of child pornography endangers minor victims—children. As discussed above, at the detention hearing, the United States presented evidence that Defendant admitted to using the Kik account that uploaded four images or videos of child pornography to a group chat [Docs. 13-1 at 1, 18 at 5]. Further, the United States presented evidence that at least two (2) images and at least one (1) video of child pornography were linked to that account [Docs. 13-1 at 2, 18 at 5]. And, as Judge McCook noted, Defendant used a Virtual Private Network (VPN) to mask his identity when accessing the Kik account that uploaded child pornography, making it easier for Defendant to hide his actions and harder for law enforcement to identify who was behind the offending Kik account [Docs. 13-1 at 2, 18 at 4; Ex. 8 at 2-3, *sealed]. Whatever further computer expertise Defendant may have,

6

the use of a VPN when accessing Kik and limited ability of law enforcement to track activity due to the VPN provide significant evidence of defendant's dangerousness. *See United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) ("[M]ost troubling is [defendant's] knowledge of and familiarity with computers. Coupled with his ability to hide his behavior from family members in the past, the Court believes [defendant's] technological prowess poses a significant risk that he will engage in further illegal behavior if released from custody."); *see also United States v. Conover*, Mag. No. 12-2080 (JS), 2012 WL 4846132, at *5, (D.N.J. Oct. 10, 2012) ("[Defendant's] specialized computer expertise is troubling."). Therefore, the weight of Defendant's dangerousness, specifically to children in our community, is heavy.

### 3. History and Characteristics of Defendant

The Court also considers factors relating to the history and characteristics of Defendant. 18 U.S.C. § 3142(g)(3). Defendant is a sixty-three (63) year-old man [Docs. 13-1 at 2, 18 at 3]. He served our country in the military and then worked in cyber defense for the Department of Energy [Docs. 13-1 at 2, 18 at 3]. He has been married for over thirty (30) years and has the support of a loving family [Doc. 13-1 at 2]. He is active in his church and in mission work both in the United States and internationally [Doc. 13-1 at 2]. He had no criminal history before the instant alleged offense [*Id.*]. On the other hand, Defendant holds a top secret security clearance for his job [Doc. 13-1 at 2]. He moved to the district recently for that job, "intending to retire here," and is currently on unpaid leave from that job [Docs. 13-1 at 2-3, 25 at 5, 18 at 6; Ex. 8 at 2-3, *sealed]. He is facing hefty potential penalties for five alleged felonies, including a mandatory five-year term of imprisonment [*See* Doc. 15]. *See also* 18 U.S.C. § 2252A(b)(1). The incentives to flee are evident. And he has a "pornography addiction." [Docs. 13-1 at 3, 25 at 5]. Therefore, the consequences of flight or even non-compliance with conditions could be grave—more sexual

7

abuse of children. On balance then, Defendant's history and characteristics weigh in favor of detention.

### 4. Nature and Seriousness of Danger Posed to Community by Defendant's Release

Finally, the Court considers the nature and seriousness of the danger posed to the community by Defendant's release. 18 U.S.C. § 3142(g)(4). The potential danger posed to children by Defendant's release cannot be overstated. If Defendant were released and returned to the alleged distribution and possession of child pornography, he would contribute to the sexual abuse of children. This is especially concerning to the Court given Defendant's addiction to pornography and ability to shield his Kik account, and the activities thereon, from his family and law enforcement through the use of a VPN. The danger posed to the community, specifically children, from Defendant's release is both grave and legitimate. Therefore this factor too supports detention.

### C. No Conditions or Combination of Conditions Will Reasonably Assure the Safety of Any Other Person and the Community.

Judge McCook specifically considered whether any condition or combination of conditions would reasonably assure the appearance of Defendant and the safety of any other person and the community [Doc. 13-1 at 3-4]. But Defendant objects to her conclusion [*See* Doc. 18 at 11-19]. In particular, Defendant contests the assertion that "[c]ourts have repeatedly noted that, generally, prohibiting internet access to someone on release is a near impossibility given the internet's ubiquitous presence" [*Id.* at 12]. Defendant also attempts to distinguish some of the cases cited by the Court, [*Id.* at 12-14], but none of the distinctions that Defendant raises invalidate the Court's conclusion. Where, as here, the Defendant allegedly committed an internet-dependent crime, the ubiquity of the internet—in homes, at work, in stores and establishments, at places of worship, and

8

through mobile hot spots on a smart device or phone that can be turned on and off at will—creates a significant obstacle to reasonably assuring the safety of any other person or the community. *See, e.g.*, *United States v. Pece*, No. 1:20-CR-186-1, 2020 WL 6263640, at *7 (N.D. Ohio Oct. 23, 2020) (reasoning that because the internet is ubiquitous, there is a significant risk that Defendant will work around conditions of release, access the internet, and then harm children); *see also Foster*, 2020 WL 6791572, at *3 (concluding that there "'is simply no failsafe way to prevent any and all exposure,' even if a defendant forfeits all electronic devices and is denied access to the internet" (citing *United States v. Tang*, No. 3:19-cr-00014, 2019 WL 2453655, at *4 (E.D. Ky. June 12, 2019))).

Defendant contends that these concerns about the internet's ubiquity will "create a per se rule that a defendant who makes use of the Internet in his alleged crime cannot be released" [Doc. 18 at 14]. But neither the law nor the facts of this case are that simple. The ubiquity of the internet is only one variable, among many, at issue for the Court's consideration. *See* 18 U.S.C. § 3142(g). Defendant allegedly committed crimes that depended on his access to an account on Kik, an internet-based application or platform [*See* Docs. 15, 13-1 at 1-2]. As discussed above, it is undisputed that Defendant used a VPN to access his Kik account [*See* Doc. 18 at 17]. And this VPN hid Defendant's identity when he logged into his Kik account [Doc. 13-1 at 2]. Defendant's access to and knowledge of Virtual Private Networks and the ever-presence of the internet may permit him to access other sources of internet connectivity, beyond his own home internet connection. This would then place in Defendant's hands the precise tools that he allegedly used to commit the underlying child pornography offense. The distribution and possession of child pornography presents a grave danger to the community, especially the children who are abused to create such content. Therefore on the precise facts before this Court and upon de novo review, no

9

condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  *See* 18 U.S.C. § 3142(g).

## III.    Conclusion

Because no condition or combination of conditions would reasonably assure the safety of any other person and the community, the Court **DENIES** Defendant's "Motion for Revocation of Detention Order" [Doc. 18].

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
